Clifton RASMUSSEN, Plaintiff-Appellee,

v.

Marianne VAN RIEL, Defendant-Appellant.

No. 83CA0931.

Colorado Court of Appeals, Div. I.

Sept. 5, 1985.

Richard L. Emmett, Durango, for plaintiff-appellee.

Douglas S. Walker, Durango, for defendant-appellant.

ENOCH, Chief Judge.

Defendant, Marianne Van Riel, former wife of plaintiff, Clifton Rasmussen, appeals from a judgment imposing a constructive trust on the proceeds of the sale of a house and denying her counterclaim for outrageous conduct. We affirm.

The parties owned the house in question in joint tenancy during their marriage. A decree of dissolution of marriage was granted on August 29, 1980, and matters of custody, maintenance and property division were reserved for a later hearing. Before this hearing, however, the holder of a second mortgage foreclosed on the house because of failure to make the required monthly payments.

In July 1981, the parties entered into a stipulation as to custody, maintenance, child support, and property division. As part of the stipulation, the parties agreed to divide the proceeds of the sale of the house, if they were able to redeem it "prior to the issuance of a Public Trustee's Deed."

There was testimony at trial that husband had found a buyer for the house whose offer of $90,000 was sufficient to redeem the property and leave the parties with a small return of their equity. Wife refused to agree to the sale, however, and on September 23 a deed was issued to the secured party. Two days later, the secured party sold the house to wife for an amount substantially equivalent to the amount which had been secured by the mortgage, and wife in turn conveyed the property to two purchasers for $110,000. There was evidence that wife had negotiated this transaction prior to the expiration of the redemption period.

Husband brought this suit seeking an accounting, imposition of a constructive trust, and damages. Wife counterclaimed for outrageous conduct. The trial court entered judgment for husband on his complaint and against wife on her counterclaim.

On appeal, wife contends that the trial court erred in imposing a constructive trust. We disagree.

A constructive trust arises:

"[w]here a person who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it."

*Askins v. Easterling,* 141 Colo. 83, 347 P.2d 126 (1959); A. Scott, *Trusts* § 462 (3rd Ed. 1967); *see also Page v. Clark,* 197

Colo. 306, 592 P.2d 792 (1979). Here, there was evidence that wife engaged in a scheme, the purpose and effect of which was to deprive husband of the share of the proceeds of the sale of the house to which the parties had stipulated that husband was entitled. Under these circumstances, an equitable duty existed, and thus, a constructive trust was properly imposed.

Wife's contention that the constructive trust should extend only to the profits which husband would have received under the contract that wife refused is without merit. A restitutionary remedy for unjust enrichment extends to all benefits received as a result of a violation of an equitable duty to the injured party even if those benefits exceed the injured party's loss. *See* 1 *G. Palmer, The Law of Restitution* § 2.10 (1978).

Contrary to wife's contention, we find no error in the court's entry of judgment for husband on her counterclaim for outrageous conduct.

Judgment affirmed.

PIERCE and SMITH, JJ., concur.